**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 04-4811**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NOE C. LAUREANO,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., District Judge. (CR-04-112)

───────────────

Submitted: May 27, 2005          Decided: July 12, 2005

───────────────

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Michael MacKinnon, Greenville, South Carolina, for Appellant. Regan Alexandra Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Noe C. Laureano appeals from his conviction and seventy-month sentence imposed following a jury trial on a charge of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C.A. §§ 841, 846 (West 1999 & Supp. 2005). Laureano's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal, but challenging the sufficiency of the evidence to support the jury's verdict. Laureano has filed a pro se supplemental brief, arguing the sufficiency of the evidence and challenging his sentence. Because our review of the record discloses no reversible error, we affirm Laureano's conviction and sentence.

This court reviews de novo the district court's decision to deny a motion for judgment of acquittal. United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). Where, as here, the motion was based on insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942).

The evidence at trial showed that Jaime Sanchez Brito was stopped for a moving violation en route to deliver a package of cocaine to Francisco Castillo. He consented to a search of his vehicle, and a package containing cocaine was discovered on the

floorboard. He agreed to cooperate with the police officers and conduct a controlled delivery of a substitute package. Brito called Castillo and was told to come to Castillo's house. Brito initially agreed, but later called Castillo to report that he had a flat tire. Castillo agreed to meet at Brito's location. Instead of Castillo, Laureano arrived at the location and parked next to Brito's vehicle. Laureano accepted the package which purportedly contained cocaine and placed it in his vehicle. Once arrested, in response to inquiries as to whether there were drugs in his vehicle, Laureano responded, "you know what's in the truck, you know what a setup is." (Tr. at 96). Viewed in the light most favorable to the Government, we find that this evidence was sufficient for the jury to find Laureano guilty beyond a reasonable doubt of conspiracy to possess with intent to distribute cocaine. See Glasser, 315 U.S. at 80; United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (defining "substantial evidence").

Although Laureano argued that he did not know what was in the package and that he merely went to assist Brito with the flat tire, the jury was free to reject this argument. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989) (holding that credibility determinations are within the sole province of the jury). Thus, we find that the district court properly denied Laureano's motion for judgment of acquittal and affirm Laureano's conviction.

In a supplemental brief, Laureano challenges his sentence under United States v. Booker, ___ U.S. ___, 125 S. Ct. 738 (2005), contending that the district court violated his Sixth Amendment rights by treating the Sentencing Guidelines as a mandatory system for purposes of determining his sentence. Our review of the record convinces us that no Sixth Amendment violation occurred because Laureano did not receive a sentence in excess of that authorized by the jury's verdict alone. With regard to the application of the Sentencing Guidelines as mandatory, Laureano did not object in the district court; thus, our review is for plain error. United States v. White, 405 F.3d 208, 215 (4th Cir. 2005).

To demonstrate plain error, Laureano must establish that error occurred, that it was plain, and that it affected his substantial rights. Id. (citing United States v. Olano, 507 U.S. 725, 732 (1993)). Although "the imposition of a sentence under the former mandatory guidelines regime rather than under the advisory regime outlined in Booker is error," White, 405 F.3d at 216-17, we find that Laureano has failed to carry his burden of showing that the error affected his substantial rights. See id. at 223; Olano, 507 U.S. at 734-35. Because our review of "the record as a whole provides no nonspeculative basis for concluding that treatment of the guidelines as mandatory" resulted in actual prejudice, this error may not be corrected on appeal. Fed. R. Crim. P. 52(b); White, 405 F.3d at 223-25.

- 4 -

As required by <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Laureano's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>